CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

January 03, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOSPEH NATHAN HALL,**  )  <br>    Plaintiff,                )  <br>                                    )  <br>**v.**                              )  <br>                                    )  <br>**MEDICAL DEPARTMENT, et al.,** )  <br>    Defendants.             )  | Civil Action No. 7:24-cv-00334 <br><br> By: Michael F. Urbanski <br> Senior United States District Judge |

## ORDER

Joseph Nathan Hall, a state inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that he has received inadequate mental health treatment while incarcerated at the Southwest Virginia Regional Jail. The case is presently before the court on Hall's motion for a preliminary injunction, ECF No. 6, in which he seeks to be prescribed a different mental health medication. For the following reasons, the motion is **DENIED**.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The Supreme Court has "made clear that each of these four factors must be satisfied to obtain preliminary injunctive relief" and that it is "unnecessary to address all four factors when one or more ha[s] not been satisfied." Henderson v. Bluefield Hosp. Co., LLC, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (citing Winter, 555 U.S. at 20, 23).

Applying these principles, the court concludes that Hall's motion must be denied. Among other deficiencies, Hall has not made a "clear showing" that he is likely to succeed on the merits

of his claim that the defendants have failed to adequately treat his mental health issues. Winter, 555 U.S. at 22. In the pending motion, Hall alleges that he has been prescribed Suboxone and Effexor while incarcerated at the jail, and that taking Effexor has caused him to experience "cold sweats and nightmares." ECF No. 6 at 1. He believes that Effexor is the "wrong psych medicine" for him, and he wants to receive the "proper medication." Id. at 2. To the extent that Hall disagrees with the treatment decisions made by medical staff at the jail, such disagreements generally "fall short of showing deliberate indifference," as required to establish a constitutional claim of inadequate medical treatment. Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). Likewise, merely negligent treatment is not actionable under § 1983, and "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Id. Because Hall has not clearly shown that he is likely to succeed on the merits of his constitutional claim under § 1983, he is not entitled to the requested preliminary injunctive relief.

For these reasons, it is hereby **ORDERED** that Hall's motion for a preliminary injunction, ECF No. 6, is **DENIED**. The Clerk is directed to send a copy of this order to Hall.

It is so **ORDERED**.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 19:43:32
-05'00'

Michael F. Urbanski
Senior United States District Judge